**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**David James RICHARDSON,**
**Defendant—Appellant.**

No. 07–50118.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 2008.

Filed March 12, 2008.

Michael J. Raphael, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, Robert Gannon, Esq., USSA–Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Sean K. Kennedy, Esq., FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: WARDLAW, GOULD, and IKUTA, Circuit Judges.

MEMORANDUM *

■■■ David Richardson argues that his conviction on six of the seven counts charged in his second superseding indictment must be reversed for insufficient evidence. However, viewing the evidence in the light most favorable to the government, a rational jury could have found Richardson guilty beyond a reasonable doubt of each of these counts. *See United States v. Ruiz,* 462 F.3d 1082, 1088 (9th Cir.2006). A rational jury could have determined from the evidence presented that CCK Sports Foundation (CCK) and Everyone Can Play, Inc. (ECPI) did not make withholdings from any salaries or make any legitimate payments to the IRS. Therefore, a rational jury could have concluded that Richardson's claims for a tax refund were "false, fictitious, or fraudulent." 18 U.S.C. § 287. A rational jury also could have determined that Richardson interfered with the administration of the internal revenue laws by complaining to Congress and the Taxpayer Advocate Service regarding payments to which he knew he was not entitled. *See* 26 U.S.C. § 7212(a).

Richardson argues that the evidence presented at trial was insufficient to permit conviction because the government did not disprove the existence of other bank accounts from which CCK and ECPI might have made payments to the IRS. This argument is meritless: Richardson presented no evidence of such accounts at trial and the government had no obligation to prove their non-existence. *See United States v. Banks,* 514 F.3d 959, 970 (9th Cir.2008) (noting that evidence is sufficient unless "no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (internal quotation marks omitted)).

■■■ Richardson claims that the limitations imposed by the district court on his cross-examination of Snyder deprived him of his rights under the Confrontation Clause of the Sixth Amendment. Even if the district court erred in imposing limitations on cross-examination, any such error would be harmless beyond a reasonable doubt in light of the overwhelming evidence at trial of Richardson's fraudulent acts, including the consistent testimony of three other witnesses that Snyder's purported signature on the check was in Richardson's handwriting. *See Delaware v. Van Arsdall,* 475 U.S. 673, 684, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986); *United States v. Larson,* 495 F.3d 1094, 1107–08 (9th Cir.2007) (en banc).

■■■ Richardson argues that the federal prosecutor's reference to a sunrise in his illustration of circumstantial evidence in his closing argument was misleading and prejudicial. However, in the context of the trial as a whole, the prosecutor's illustration did not "affect[ ] the jury's ability to judge the evidence fairly." *See United States v. Senchenko,* 133 F.3d 1153, 1156 (9th Cir.1998).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.